UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RONALD TUTTLE**<br>    **REG. # 22260-055** | **:** | **DOCKET NO. 2:21-CV-01039**<br>**SECTION P** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN MA'AT** | **:** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Ronald Tuttle on April 19, 2021. Doc. 1. At the time of filing, Tuttle was an inmate in the custody of the Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO"). He has since been transferred to a halfway house. *See* Doc. 8. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court.

### I.
#### BACKGROUND

On September 26, 2014, a jury in the Western District of New York found Ronald Tuttle guilty of conspiracy to possess with intent to distribute, and to distribute 4-methylenedioxypyrovalerone ("MDPV"), attempt to possess with intent to distribute MDVP, conspiracy to import MDVP and importation of MDVP. *See USA v. Tuttle*, Civil Action No. 6:13-cr-6109 (WDNY, Jan. 6, 2015). Tuttle is currently serving a sentence imposed on January 5, 2015, by that court. *Id.* at doc. 67.

Tuttle sought, and was denied, compassionate release nine (9) times in the Western District of New York, before being instructed to refrain from filing further repetitive motions absent a change in circumstances. *Id*. at doc. 251. He later filed two additional requests to be released due to the COVID-19 Pandemic and argued that the BOP improperly calculated his time. *Id*. In the final filing, the court instructed him that any dispute as to the computation of his sentence was to be filed in the district in which he was incarcerated. The instant petition followed.

In the petition presently before this Court, Tuttle challenges the computation of his sentence. He has also filed three Motions for Writ of Mandamus (docs. 6, 7, 8), making the same argument. In the final motion, he informs this Court that he is "leaving in transit in two days and should have already left to my regular house on GCT release. Yet I'm leaving to the halfway house instead." Doc. 8, p. 1.

## II.
## LAW & ANALYSIS

### A. *Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

*B. Application*

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

An initial issue that must be addressed is whether petitioner is required to exhaust administrative remedies. Generally, a federal prisoner must exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004), *cert. denied*, 124 S. Ct. 2112 (2004); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *see also Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances" and the petitioner bears the burden of demonstrating the futility of administrative review. *Fuller*, 11 F.3d at 62; *Gardner v. School Bd. Caddo Parrish*, 958 F.2d 108, 112 (5th Cir. 1992).

The BOP, which administers the prison in which petitioner is incarcerated, has a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy to the Warden. 28 C.F.R. § 542.14. If the prisoner is not satisfied with the Warden's response, he may appeal to the Regional Director. 28 C.F.R. 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel. *Id.*

The Attorney General has vested the BOP with authority to determine issues related to the manner in which sentences are to be carried out, including the calculation of sentence credits. 28

C.F.R. § 0.96. If the BOP miscalculated petitioner's sentence calculation or release date, it has the authority to correct that error and should be permitted to do so. *See Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991) (agency should be given opportunity to correct its own error before aggrieved party seeks judicial intervention). Further, the fact that petitioner believes his grievances will be denied does not make the remedy futile. *See Adams v. Warden*, 2017 U.S. Dist. LEXIS 124404 at *3 (W.D. La. July 5, 2017).

Tuttle has alleged that he has "fully exhausted" his claims. Doc. 4, p. 2. However, he has provided no proof of exhaustion. Only after this review process is completed can a BOP inmate's claim be considered exhausted. Tuttle should amend to provide proof that he exhausted available remedies or show why he should be excused from this requirement.

### III.
#### CONCLUSION

In order for this court to determine whether the petition should survive our initial review, Tuttle must amend his complaint within the next **60 days** and provide (1) **a copy of his BOP-8, BOP-9, BOP-10 and BOP-11; and (2) the responses to his BP-8, BOP-9, BOP-10 and BOP-11**. If the administrative remedy response indicates that his claim was not properly exhausted, Tuttle must explain why an exception to the exhaustion requirement applies to his case or provide documentation showing that the BOP's conclusion is incorrect. Otherwise, his suit is subject to dismissal for failure to exhaust.

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Tuttle at his last address on file.

**IT IS ORDERED** that Tuttle amend his complaint within **sixty (60) days** of the filing of this order to cure the deficiencies as outlined above.

**IT IS FURTHER ORDERED** that the Motions for Writ of Mandamus (docs. 6, 7, 8) be **DENIED**, as the issues raised therein will be addressed in the Court's review of the pending petition.

Failure to comply with this order may result in dismissal of the claims above under Rule 4 of the Rules Governing § 2254 Cases, or under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

Tuttle is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 21st day of June, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE