UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RONALD TUTTLE** | : | **DOCKET NO. 2:21-CV-1039**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN MA'AT** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Ronald Tuttle on April 19, 2021. Doc. 1. At the time of filing, Smith was an inmate in the custody of the Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO"). Petitioner has since been released from custody. The government filed a response in opposition (doc. 35), and Tuttle filed a reply (doc. 36).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons set forth below, **IT IS RECOMMENDED** that this petition for habeas corpus should be **DENIED AND DISMISSED** because petitioner's claims are **MOOT**.

**I.**
**BACKGROUND**

Tuttle filed the instant petition challenging the computation of his federal sentence and seeking release from federal custody or reduction of the terms of supervised release. He asked this Court to direct the BOP to correct his sentence computation, which would make him eligible for

immediate release. While this matter was pending on initial review, petitioner was released from custody.

## II.
## LAW & APPLICATION

Although an action "is not moot simply because a § 2241 petitioner is no longer in custody," it is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (*citing Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969) and *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)). The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exist at all stages of federal court proceedings. *Bailey*, 821 F.2d at 278. A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issue it presents." *Adair v. Dretke*, 150 Fed. Appx. 329, 331 (5th Cir. 2005) (citation omitted).

In this case, petitioner alleges that his sentence was miscalculated and, as such, he "overserved 5 days of BOP time." Doc. 35, p. 5. Because he was also ordered to serve a period of supervised release following his incarceration, his release from BOP custody alone does not make this action moot. The possibility that a district court may alter a period of supervised release - "if it determines that [the defendant] has served excess prison time" - may keep a § 2241 petition from becoming moot. *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (addressing a federal prisoner's challenge to the denial of a sentence credit). The determination of whether a petitioner has served excess prison time, however, is made by the sentencing court pursuant to 18 U.S.C. § 3583. See 18 U.S.C. § 3583(e)(2); see also 18 U.S.C. § 3605 (authorizing a court to exercise

jurisdiction over a person on supervised release if such jurisdiction has been transferred by the sentencing court).

Petitioner, here, was sentenced by the District Court for the Western District of New York. This court, therefore, is without jurisdiction to make a determination of whether petitioner has served excess prison time. As such, a pronouncement by this court in petitioner's favor would not result in "specific relief through a decree of a conclusive character" with regard to modification of the sentence. *North Carolina v. Rice*, 92 S. Ct. 402, 404 (1971) (citation and internal quotation marks omitted). And "[b]ecause federal courts may only hear cases or controversies under Article III, it is unconstitutional for the court to issue mere advisory opinions." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 368 n. 5 (5th Cir. 1995). Because the court cannot grant the relief requested by petitioner, this action is rendered moot.

### III.
#### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that this petition for habeas corpus should be **DENIED AND DISMISSED** because petitioner's claims are **MOOT**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the

date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 17th day of July, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE